IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Case No. _____

THOMAS A. BELL,

      Plaintiff,

v.

UNION PACIFIC RAILROAD COMPANY, a Delaware corporation,

      Defendant.

---

**COMPLAINT AND REQUEST FOR JURY TRIAL**

---

      COMES NOW Plaintiff, Thomas A. Bell, by his attorney, James L. Cox, Jr., of Rossi, Cox & Vucinovich, P.C., and by way of claim against Defendant, alleges, avers and states:

      1.    At all times herein mentioned, Defendant, Union Pacific Railroad Company, a corporation, was and is now a duly-organized and existing corporation doing business in the States of Colorado and other states.

      2.    Defendant was at all times herein mentioned and now is engaged in the business of a common carrier by railroad in interstate commerce in Colorado and other states.

      3.    At all times herein mentioned, part of Plaintiff's duties as an employee of Defendant were in the furtherance of and directly or closely or substantially affected said interstate commerce.

      4.    The injuries sustained by Plaintiff hereinafter enumerated arose in the course of Plaintiff's employment with Defendant.

5.     Plaintiff brings this action against Defendant under the provisions of 45 U.S.C., §§ 51 to 60, *et. seq.* (commonly referred to as "The Federal Employers' Liability Act"); regulations promulgated under the authority of those sections; and other federal safety laws.

6.     Under the terms of the Federal Employers' Liability Act this court has jurisdiction.

7.     Plaintiff has been employed by Defendant, Union Pacific Railroad Company, a corporation, since 1979. He started work as a carman, and began working as an electrician in 1995, working in Defendant's diesel locomotive inspection and repair facility in North Platte, Nebraska.

8.     During his employment with the Union Pacific Railroad, Plaintiff performed his duties as an electrician pursuant to the instructions of his supervisor and methods and procedures provided by Defendant, Union Pacific Railroad Company.

9.     At all times relevant hereto, Defendant, Union Pacific Railroad Company, had the duty, among others, to exercise ordinary care to provide its employees with a reasonably safe place to work in, among other things:

   (a)   the duty to respond to reports of problems caused by deodorizers used to clean the locomotives and deodorizers used in the toilets on the locomotives;

   (b)   the duty to investigate the risks attendant to an employee being exposed to deodorizers;

   (c)   the duty to educate, train, and warn Plaintiff's supervisors and coworkers of the risks attendant to exposure to these deodorizers;

2

(d) the duty to equip its locomotives with handrails in the steps to the toilet in its locomotives; and

(e) the duty to comply with Defendant's own locomotive servicing requirements.

10. Defendant, through its agents, servants and employees other than the Plaintiff, negligently failed to perform the above-said duties, as a result of which Plaintiff was caused to suffer the injuries hereinafter enumerated.

11. On several occasions before February 12, 2004, Plaintiff had complained to his supervisors that the smells from deodorizer that Union Pacific employees were using to clean the cabs of the locomotives and used in the toilets in the locomotives often made Plaintiff lightheaded and nauseous.

12. Before February 12, 2004, Plaintiff had requested of his supervisors that the Union Pacific employees clean the cab of the locomotive and deodorize the toilet after he and his partner had completed their electrical and mechanical work on the locomotive. This request was disregarded.

13. On February 12, 2004, Plaintiff was performing his duties as an electrician in performing his work in the inbound/outbound part of Defendant's diesel inspection and repair facility in North Platte, Nebraska. This work required Plaintiff to be inside the cab of a locomotive for an extended period of time.

14. On February 12, 2004, Plaintiff was working on Locomotive UP 4816 when he was exposed to the deodorizers used to clean the cab, and the deodorizers in the toilet. Plaintiff became ill, vomited out the window of the locomotive, and vomited again in the toilet in the

3

locomotive. While coming back up the stairs from the toilet in the locomotive to the cab of the locomotive, he became lightheaded, dizzy, lost his balance, and fell backward down the steps of the locomotive, striking the door of the locomotive head first.

15. Plaintiff reported his injury and completed a Report of Personal Injury.

16. By reason of the facts hereinabove set forth and as a result of Defendant's negligent failure to exercise ordinary care to provide Plaintiff a reasonably safe place to work, and the injuries suffered as a result, Plaintiff has had to undergo the following surgical procedures:

| Date | Procedure | Physician/Facility |
| --- | --- | --- |
| 04/19/04 | Cervical epidural steroid injection and bilateral L5-S1 lumbar facet injections | Michael T. Otte, M.D. Medical Center of Aurora Aurora, Colorado |
| 05/05/04 | Cervical facet block | Malcolm S. Dobrow, M.D. Medical Center of Aurora Aurora, Colorado |
| 06/30/04 | Bilateral S1 selective nerve root epidural steroid injection | Jennifer Burns, M.D. Greenwood Village, Colorado |
| 07/14/04 | Left C5-6, C6-7 intra-articular facet joint injection | Jennifer Burns, M.D. Greenwood Village, Colorado |
| 08/04/04 | Left C5, C6 and C7 medial branch block | Jennifer Burns, M.D. Greenwood Village, Colorado |
| 08/11/04 | Left C5, C6 and C7 medial branch radiofrequency neurotomy | Jennifer Burns, M.D. Greenwood Village, Colorado |
| 02/01/05 | T12-L1 posterior thoracolumbar spinal fusion<br>L1-L2 posterior lumbar spinal fusion<br>Left posterior iliac crest bone graft harvest<br>Posterior segmental instrumentation with 3D instrumentation T12-L2 | Jeffrey B. Kleiner, M.D. Aurora Medical Center South Aurora, Colorado |
| 05/16/05 | Anterior cervical microdiscectomy C5-C6<br>Harvest of left anterior iliac crest bone graft to pelvis<br>Anterior cervical fusion C5-C6<br>Anterior cervical microdiscectomy C6-C7<br>Harvest of iliac crest bone graft C6-C7<br>Anterior cervical fusion C6-C7 | Jeffrey B. Kleiner, M.D. Aurora Medical Center South Aurora, Colorado |

4

|  | Anterior cervical plating C5-C7 |  |
|---|---|---|
| 11/28/05 | Removal of posterior segmental instrumentation, exploration of fusion, T12-L2 | Jeffrey B. Kleiner, M.D. Aurora Medical Center South Aurora, Colorado |

17.  Plaintiff's injuries hereinabove enumerated have been painful, disabling and incapacitating, and for an indefinite time in the future will be painful, disabling and incapacitating, and have and will in the future cause Plaintiff mental and physical pain and suffering.

18.  Plaintiff's injuries hereinabove enumerated have impaired Plaintiff's ability to enjoy life, and will impair in the future Plaintiff's ability to enjoy life.

19.  By reason of the facts hereinabove stated and the injuries caused Plaintiff, Plaintiff was forced to and did incur indebtedness for the services of duly-licensed physicians and surgeons, and for medicines, x-rays, and hospitalization in a sum as yet unascertainable.  Plaintiff is informed and believes and therefore alleges that he will require further medical attention as a result of said injuries.

20.  By reason of the facts hereinabove stated and the injuries caused Plaintiff, Plaintiff will incur a further indebtedness for medical attention.

21.  By reason of the facts hereinbefore stated and the injuries caused Plaintiff thereby, Plaintiff has sustained loss of wages and loss of fringe benefits in the past, and will in the future sustain loss of wages, impairment of earning capacity and loss of fringe benefits, all to his damage, in an amount as yet unascertainable.

22.  Plaintiff returned to work on June 6, 2006 as an electrician for the Union Pacific Railroad Company at a different job with the following permanent restrictions:

a. may lift up to 60 lbs. occasionally, 45 lbs. frequently to shoulder level
b. may lift up to 50 lbs. occasionally, 40 lbs. frequently above shoulder level
c. may carry up to 60 lbs. occasionally, 45 lbs. frequently
d. no sustained stooping/crouching without breaks as needed
e. no crawling, no sustained stooping and reaching in combination.

WHEREFORE, Plaintiff prays judgment against Defendant in an amount sufficient to compensate him for his general damages, together with such special damages as may hereinafter be ascertained, and for his costs of suit incurred herein, expert witness fees, and whatever other relief this honorable Court deems just and proper.

## REQUEST FOR JURY TRIAL

PLAINTIFF DEMANDS A TRIAL TO A JURY OF SIX (6) ON ALL ISSUES RAISED HEREIN.

DATED this 29th day of January, 2007.

By: _____
James L. Cox, Jr.
Attorney for Plaintiff
ROSSI, COX & VUCINOVICH, P.C.
3801 E. Florida Ave., Suite 905
Denver, CO 80210-2500
(303) 759-3500
(303) 759-3180 fax
jcox@rcvpc.com

Plaintiff's address:
818 E. 4th St.
North Platte, NE 69101-6913