IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 07-CV-00209-PSF-PAC

THOMAS C. BELL,

              Plaintiff,

v.

UNION PACIFIC RAILROAD COMPANY,
a Delaware corporation,

              Defendant.

## SCHEDULING ORDER

### 1. DATE OF CONFERENCE

A Scheduling Conference was held on March 27, 2007 at 9:30 a.m. in Courtroom A-501, Fifth Floor, Alfred A. Arraj United States Courthouse, 901 19th Street, Denver, Colorado. James L. Cox, Jr., Esq. represented Plaintiff, and Mark C. Hansen, Esq. represented Defendant.

| Counsel for Plaintiff | Counsel for Defendant |
|---|---|
| James L. Cox, Jr.<br>Douglas A. Rossi<br>Rossi, Cox & Vucinovich, P.C.<br>3801 E. Florida Ave.<br>Suite 905<br>Denver, CO 80210-2500<br>(303) 759-3500 | Mark C. Hansen<br>Union Pacific Railroad Company<br>1331 Seventeenth Street<br>Suite 406<br>Denver, Colorado 80202<br>(303) 964-4583 |

### 2. STATEMENT OF JURISDICTION

Plaintiff's claims are brought pursuant to the Federal Employers' Liability Act, 45 U.S.C. § 51 et seq. Subject matter jurisdiction has been conferred on this Court for the claims asserted by Plaintiff under 45 U.S.C. § 56.

### 3. STATEMENT OF CLAIMS AND DEFENSES

a.  *Plaintiff:* Plaintiff commenced this action under the Federal Employer's Liability Act, 45 U.S.C. § 51, et seq. ("FELA") to recover for personal injuries he sustained while in the course and scope of his employment with defendant. Plaintiff asserts that he sustained permanent and disabling injuries to his spine on February 12, 2004 while working as an electrician at the inbound/outbound inspection facility near the Defendants' diesel inspection and repair facility in North Platte, Nebraska. At that time and place Plaintiff was working on Locomotive UP4816 when he was exposed to deodorizers used to clean the cab, and the deodorizers in the toilet. Plaintiff became ill, vomited out the window of the locomotive, and vomited again in the toilet in the nose of the locomotive. While coming back up the stairs from the toilet in the nose of the locomotive to the cab of the locomotive, Plaintiff became lightheaded, dizzy, lost his balance, and fell backward down the steps of the locomotive, striking the door of the locomotive head first.

b.  *Defendant:* Defendant denies that it was in any way negligent with respect to the work Plaintiff performed or the environment in which Plaintiff was working on February 12, 2004. Defendant asserts that Plaintiff may have been negligent and that Plaintiff's negligence was either a sole cause or a contributing factor to his accident. Defendant asserts that Plaintiff's injuries may have been merely an aggravation of a pre-existing injury and that Plaintiff may have failed to mitigate his damages. Finally Defendant asserts that it is entitled to an offset for any funds the Plaintiff received from the Railroad Retirement Board pursuant to 45 U.S.C. § 55, for any advances made by Defendant to Plaintiff

pursuant to the terms of the Advance Payment Receipts and for any SSB payment received by Plaintiff.

### 4. UNDISPUTED FACTS

The following facts are undisputed:

1. The jurisdiction of this Court is founded upon Title 45, Section 1-60 of the United States Code, commonly referred to and known as the Federal Employers' Liability Act of the United States.

2. Defendant Union Pacific Railroad Company ("UP") was, at all times material hereto, a corporation duly organized, created and existing under and by virtue of one of the laws of the states of the United States, and as such was engaged in the business of owning, maintaining and operating a line and system of railroad which extended in part through the state of Colorado and the state of Nebraska.

3. That at all times material hereto, UP was a common carrier engaged in interstate transportation and commerce and at the time of his injuries plaintiff was employed by UP as its servant and employee and working in interstate transportation and commerce which closely, substantially and directly affected the interstate commerce carried on by UP.

### 5. COMPUTATION OF DAMAGES

Plaintiff seeks recovery for the following items of past damage, all of which are recoverable under FELA: wage loss to the time of trial, temporary total disability, temporary partial disability, physical pain and suffering, mental and emotional distress, partial loss of enjoyment of living and medical expenses, if any.

Plaintiff also seeks recovery for the following items of future damage, all of which are recoverable under FELA: diminished earnings capacity, loss of fringe benefits, permanent partial disability, physical pain and suffering, mental and emotional distress, partial loss of enjoyment of living and medical expenses, if any.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a.　Date of rule 26(f) meeting.

March 5, 2007.

b.　Names of each participant and party he/she represented.

　　1.　For the Plaintiff – Douglas A. Rossi, Esq.
　　2.　For the Defendant – Mark C. Hansen, Esq.

c.　Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

None.

d.　Statement as to when rule 26(a)(1) disclosures were made or will be made.

March 16, 2007.

e.　Statement concerning any agreements to conduct informal discovery, including joint interviews with potential witnesses, exchanges of documents, and joint meetings with clients to discuss settlement. If there is agreement to conduct joint interviews with potential witnesses, list the names of such witnesses and a date and time for the interview which has been agreed to by the witness, all counsel, and all *pro se* parties.

The Parties have not reached any agreement to conduct informal discovery.

f.  Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form. In those cases, the parties must indicate what steps they have taken or will take to (i) preserve electronically stored information; (ii) facilitate discovery of electronically stored information;(iii) limit associated discovery costs and delay; and (iv) avoid discovery disputes relating to electronic discovery. Describe any agreements the parties have reached for asserting claims of privilege or of protection as trial- preparation materials after production of computer-generated records.

The Parties do not anticipate that their claims or defenses will cause the need to do any electronic discovery.

### 7. CONSENT

The Plaintiff has consented to the exercise of jurisdiction by a magistrate judge. The Defendant has not consented to the exercise of jurisdiction by a magistrate judge.

### 8. CASE PLAN AND SCHEDULE

a.  Deadline for Joinder of Parties and Amendment of Pleadings:

   June 15, 2007.

b.  Discovery Cut-off:

   November 2, 2007.

c.  Dispositive Motion Deadline:

   December 7, 2007.

5

...

d. Expert Witness Disclosure

(1) *State anticipated fields of expert testimony, if any.*

<u>Plaintiff</u>

(a) Medical
(b) Economist
(c) Vocational Rehabilitation
(d) Locomotive
(e) Toxicology

<u>Defendant</u>

(a) Medical
(b) Economist
(c) Vocational Rehabilitation
(d) Locomotive
(e) Toxicology

(2) State any limitations proposed on the use or number of expert witnesses.

Each Party may designate and call ten experts. This limitation does not include treating physicians.

(3) The parties will designate all experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:

Plaintiff will disclose experts on July 27, 2007.

Defendant will disclose experts on August 24, 2007.

(4) The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:

6

September 21, 2007

(5) Notwithstanding the provisions of Fed. R. Civ. P. 26(a)(2)(B), no exception to the requirements of the rule will be allowed by stipulation of the parties unless the stipulation is approved by the court.

e. Deposition Schedule:

| Name of Deponent | Date of Deposition | Time of Deposition | Expected Length of Deposition |
|---|---|---|---|
| Plaintiff | June 11, 2007 | 9:00 a.m. | 7 hours |
| Plaintiff's co-employees | June 12, 2007 | 9:00 a.m. | 7 hours |
| Plaintiff's co-employees | June 13, 2007 | 9:00 a.m. | 7 hours |
| Union Pacific Management Employees | June 14, 2007 | 9:00 a.m. | 7 hours |

f. Interrogatory Schedule

All Interrogatories shall be served on or before May 25, 2007.

g. Schedule for Request for Production of Documents

All Requests for Production of Documents shall be served on or before May 25, 2007.

h. Discovery Limitations:

(1) Any limits which any party wishes to propose on the number of depositions.

Each party may take fifteen depositions of fact witnesses excluding experts. Each party may take the deposition of any expert designated by the opposing party.

(2) Any limits which any party wishes to propose on the length of depositions.

The maximum length allowed by the Rules of Civil Procedure.

7

(3)     Modifications which any party proposes on the presumptive numbers of depositions or interrogatories contained in the federal rules.

None.

(4)     Limitations which any party proposes on number of requests for production of documents and/or requests for admissions.

None.

(5)     Other Planning or Discovery Orders

None.

### 9. SETTLEMENT

The Parties certify that, as required by Fed.R.Civ.P. 26(f), they have discussed the possibilities for a prompt settlement or resolution of the case by alternate dispute resolution. The parties agree that they will work with Judge Richard Borchers, Legal Resolution Center, in Denver, Colorado to schedule a settlement conference. Counsel for the parties have previous settlement experience with Judge Borchers and have selected him based upon his experience.

### 10. OTHER SCHEDULING ISSUES

a.     A statement of those discovery or scheduling issues, if any, on which counsel, after a good-faith effort, were unable to reach an agreement.

The Parties have been unable to reach an agreement, after a good-faith effort, with regard to the schedule for expert witness disclosures.

b.     Anticipated length of trial and whether trial is to the court or jury.

This will be a jury trial. The parties anticipate that this trial will take 5 trial days.

## 11. DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or she has not already set deadlines by an order filed before the conference.]*

a.  A settlement conference will be held on _attys will call_ at _____ o'clock ___.m.

It is hereby ordered that all settlement conferences that take place before the magistrate judge shall be confidential.

( )  *Pro se* parties and attorneys only need be present.

( )  *Pro se* parties, attorneys, and client representatives with authority to settle must be present. (NOTE: This requirement is not fulfilled by the presence of counsel. If an insurance company is involved, an adjustor authorized to enter into settlement must also be present.)

( )  Each party shall submit a Confidential Settlement Statement to the magistrate judge on or before _____ outlining the facts and issues, as well as the strengths and weaknesses of their case.

b.  Status conferences will be held in this case at the following dates and times:

_____

_____

c.  A final pretrial conference will be held in this case on  _2-5-08_ ____ at _9:00_ o'clock _a_.m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than five days before the final pretrial conference.

9

## 12. OTHER MATTERS

In addition to filing an appropriate notice with the clerk's office, counsel must file a copy of any notice of withdrawal, notice of substitution of counsel, or notice of change of counsel's address or telephone number with the clerk of the magistrate judge assigned to this case.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures established by the judicial officer presiding over the trial of this case.

In addition to filing an appropriate notice with the clerk's office, a *pro se* party must file a copy of a notice of change of his or her address or telephone number with the clerk of the magistrate judge assigned to this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1A.

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1D. by submitting proof that a copy of the motion has been served upon the moving attorney's client, all attorneys of record, and all *pro se* parties.

## 13. AMENDMENTS TO SCHEDULING ORDER

The Scheduling Order may be altered or amended only upon a showing of good cause.

DATED this 27th day of March, 2007.

BY THE COURT:

_____
United States Magistrate Judge

O. Edward Schlatter
United States Magistrate Judge
Denver, Colorado

10

APPROVED:

/s/ Douglas A. Rossi
Douglas A. Rossi
Rossi, Cox & Vucinovich, P.C.
3801 E. Florida Ave.
Suite 905
Denver, CO 80210-2500
Counsel for Plaintiff

/s/ Mark C. Hansen
Mark C. Hansen
Union Pacific Railroad Company
1331 Seventeenth Street
Suite 406
Denver, CO 80202
Counsel for Defendant