IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Phillip S. Figa

Civil Action No. 07-cv-00209-PSF-PAC

THOMAS A. BELL,

    Plaintiff,

v.

UNION PACIFIC RAILROAD COMPANY,
a Delaware corporation,

    Defendant,

---

**ORDER ON DEFENDANT'S MOTION TO TRANSFER VENUE**

---

This matter is before the Court on Defendant Union Pacific Railroad Company's Motion to Transfer Pursuant to 28 U.S.C. § 1404 (Dkt. # 6), filed on February 13, 2007. Plaintiff Thomas Bell filed his response on March 9, 2007 supported by counsel's affidavit (Dkt. # 13). Defendant filed its reply on March 19, 2007, together with affidavits from company employees Mary Broad and Sharon Russell marked as Exhibits A and B thereto (Dkt. # 14). The matter is ripe for decision. The Court has determined that a hearing on the motion would not materially assist the Court

**I.    BACKGROUND**

Plaintiff Thomas Bell brings this case against his employer, Defendant Union Pacific Railroad Company ("Union Pacific"), under the Federal Employers Liability Act ("FELA"), 45 U.S.C. § 51, *et seq.* Plaintiff alleges that he suffered injuries to his neck and lower back due to a fall from a locomotive cab that occurred on February 12, 2004,

Dockets.Justia.com

while he was engaged in his employment as an electrician working at the defendant's diesel locomotive inspection and repair facility in North Platte, Nebraska (Complaint, ¶¶ 13-14). Plaintiff avers that the fall occurred because he became dizzy while he was working on the locomotive cab due to exposure to deodorizers used to clean the cab and the toilet on the locomotive (*id.*, ¶ 14). He claims that the fall caused painful, disabling and incapacitating injuries and impairment of his ability to enjoy life (*id.*, ¶¶ 17-18).

He further asserts that prior to February 12, 2004, he had complained on several occasions to his supervisors that the smells from the deodorizer that were being used by defendant had made him "lightheaded and nauseous," and he alleges that he had requested that maintenance using the deodorizers be performed after he and his partner had completed their electrical and mechanical work on the locomotive (*id.*, ¶¶ 11-12). He asserts that defendant breached various duties to him, including responding to reports of problems with the use of the deodorizers, investigating the risks attendant to employee exposure to the deodorizers, educating and training supervisors regarding such risks, and equipping its locomotives with handrails, apparently so as to protect against falls (*id.*, ¶ 9). Based on these alleged breaches of duty, plaintiff asserts that defendant was negligent and therefore liable under FELA (*id.*, ¶ 10).

II.  **DEFENDANT'S MOTION AND PLAINTIFF'S RESPONSE**

Union Pacific moves to transfer this case pursuant to 28 U.S.C. § 1404(a) to the United States District Court for the District of Nebraska. In support of its motion, the

2

defendant argues that plaintiff is a Nebraska resident, that the alleged injuries occurred at the plaintiff's workplace in North Platte, Nebraska, that fact witnesses reside and work in Nebraska, that railroad records pertaining to plaintiff's claims are maintained in Union Pacific's North Platte, Nebraska office, and that several medical providers who have treated plaintiff are from Nebraska. In its reply brief and supporting affidavit, defendant identifies five specific named individuals who either witnessed the plaintiff's accident, who supervised the plaintiff, or who have knowledge regarding plaintiff's alleged complaints about the use of deodorizers (Reply at 7; Affidavit of Mary Broad, ¶ 8).

Plaintiff alleges that he has been working for defendant at its repair facility in North Platte, Nebraska since at least 1995 (Complaint, ¶ 7) but elected to file this case in the district court for the District of Colorado and opposes transfer to Nebraska. He asserts, primarily, that his medical treatment has been provided by doctors located in Colorado. Plaintiff argues that "multiple medical expert witnesses will be necessary to the trial of this matter." Plaintiff's Response at 2. He argues that the balancing of the convenience of the respective witnesses favors retaining his case in Colorado.

Although the exact chronology of plaintiff's medical treatment is not clear from the plaintiff's response, it appears that he first saw Dr. Jeffrey Kleiner of Aurora, Colorado on April 9, 2004, that Dr. Kleiner performed surgeries on plaintiff in February 2005 and May 2005, and continued as his primary medical provider through April 2006 (Plaintiff's Response at 2-3).

3

Additionally, plaintiff states that he first saw Dr. Jennifer Burns of Greenwood Village, Colorado, a specialist in physical medicine and rehabilitation, on May 21, 2004, and that she performed various injections on plaintiff between June 30, 2004 and August 2004, as well as performing a nerve conduction study on June 14, 2004 (Plaintiff's Response at 3).

Plaintiff also states that he was treated at the Medical Center of Aurora Colorado on April 19, 2004 by Dr. Michael Otte, who performed an epidural injection, and again on May 5, 2004 by Dr. Malcom Dobrow, who performed a cervical facet block (*id.*) It does not appear that plaintiff saw these two doctors on any other occasion. Plaintiff also states that he was seen by Dr. Robert Benz, an orthopedic surgeon located in Loveland, Colorado, apparently on one occasion on July 30, 2004, when he was evaluated for the course of treatment provided by Dr. Burns described above (*id.*). Plaintiff was also seen, again apparently on one occasion, by Dr. Kenneth Deagman, located in Aurora, Colorado, for what plaintiff describes as a "pre-surgical evaluation" to assess plaintiff's fitness for surgery, but no date for this visit is provided. Finally, plaintiff states that a functional capacity analysis to evaluate his final medical condition was performed by physical therapists located at the HealthSouth office in Englewood, Colorado, but no date is given.

Plaintiff asserts these "seven medical witnesses" who are located in the Denver area would be inconvenienced by a trial in Nebraska (Plaintiff's Response at 9). However, while plaintiff does state that Dr. Kleiner "will provide necessary medical testimony regarding diagnosis, treatment and prognosis" (Plaintiff's Response at 10)

4

plaintiff does not explicitly state that these other medical personnel would be called as witnesses at a trial.

In response to defendant's argument, plaintiff contends that the services of the Nebraska medical providers identified were of limited duration and constituted limited treatment (*id.* at 4). Plaintiff also emphasizes that Union Pacific does business in Colorado, and that under FELA venue is proper in any district wherein the defendant is doing business, citing to 45 U.S.C. § 56 (*id.* at 5-6). He further argues that his statutory choice of venue under FELA should not be disturbed (*id.* at 8).

III.    **APPLICABLE LEGAL STANDARDS**

FELA cases are not exempt from the scope of 28 U.S.C. § 1404(a) notwithstanding FELA's broad venue provision. *See Ex parte Collett,* 337 U.S. 55, 60-61 (1949). Title 28 U.S.C. § 1404(a) states: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." Here, venue is proper in Colorado pursuant to 28 U.S.C. § 1391(b) due to federal question jurisdiction and the regional office maintained here by defendant. This case could have also been brought in the District of Nebraska, where the accident took place and where Union Pacific also does business.

A district court has discretion as to whether to grant a change of venue pursuant to § 1404(a). *Scheidt v. Klein,* 956 F.2d 963, 965 (10th Cir.1992). "Section 1404(a) is intended to place discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and

fairness.'" *Stewart Organization, Inc. v. Ricoh Corp.*, 487 U.S. 22, 29 (1988) (quoting *Van Dusen v. Barrack*, 376 U.S. 612, 622 (1964)). The party seeking transfer bears the burden of establishing that the existing forum is inconvenient. *Scheidt, supra,* 956 F.2d at 965; *Chrysler Credit Corp. v. Country Chrysler, Inc.*, 928 F.2d 1509, 1515 (10th Cir.1991).

The following non-exclusive factors are pertinent in determining whether a transfer is appropriate under § 1404(a):

> . . . [T]he plaintiff's choice of forum; the accessibility of witnesses and other sources of proof, including the availability of compulsory process to insure attendance of witnesses; the cost of making the necessary proof; questions as to the enforceability of a judgment if one is obtained; relative advantages and obstacles to a fair trial; difficulties that may arise from congested dockets; the possibility of the existence of questions arising in the area of conflict of laws; the advantage of having a local court determine questions of local law; and, all other considerations of a practical nature that make a trial easy, expeditious and economical.

*Chrysler Credit*, 928 F.2d at 1516 (citing *Texas Gulf Sulphur Co. v. Ritter*, 371 F.2d 145, 147 (10th Cir.1967)). The only factors argued by the parties in this case are the accessibility of witnesses and the plaintiff's choice of forum. However, the plaintiff's preferred forum has reduced importance where there is an absence of any significant contact by the plaintiff with the forum state or where the transactions or conduct underlying the cause of action did not occur in the forum state. *Hardaway Constructors, Inc. v. Conesco Industries, Ltd.*, 583 F. Supp. 617, 620 (D.N.J.1983).

6

## IV. ANALYSIS

Here, the Court finds that plaintiff's preference for pursuing his action in the District of Colorado is entitled to little weight. It is neither his home nor the place of the accident. *See Bailey v. Union Pac. R.R. Co.*, 364 F. Supp. 2d 1227, 1230 (D. Colo. 2005) (citing cases); *Cuzzupoli v. Metro-North Commuter R.R.*, 2003 WL 21496879 *2 (S.D.N.Y. June 30, 2003) ("Because plaintiff in this [FELA] case is a resident of Connecticut and the events underlying the litigation occurred in Connecticut, I find that little weight should be afforded to plaintiff's choice of this New York forum"). Also, it is undisputed that plaintiff's alleged injury did not occur, even in part, while he was working on the railroad in Colorado. Furthermore, the location and convenience of counsel is not a relevant factor. *In re Horseshoe Entertainment*, 337 F.3d 429, 434 (5th Cir.), *cert. denied*, 540 U.S. 1049 (2003); *Solomon v. Continental American Life Ins. Co.*, 472 F.2d 1043, 1047 (3rd Cir.1973); *S.E.C. v. Kasirer*, 2005 WL 645246 *2 (N.D.Ill., Mar. 25, 2005).

In *Sackett v. Denver and Rio Grande Western R.R. Co.*, 603 F. Supp. 260, 261 (D. Colo.1985), the court applied the factors adopted in *Ritter, supra*, to a FELA action. It found that transfer to the District of Utah was appropriate, citing primarily to the convenience of the witnesses to the accident and the medical personnel who treated the plaintiff, most of whom lived in Utah. *Id.* at 261. Here, too, the only apparent eyewitness to the accident, Jimmy Williams, lives in Nebraska. *See* Affidavit of Mary Broad, ¶ 8. More importantly, the witnesses relating to plaintiff's theory of negligence, namely that the defendant breached a duty relating to the use of the locomotive

7

deodorizers, reside in Nebraska. *Id.* And, although their role is downplayed by the plaintiff, it is undisputed that the initial treating physicians live in Nebraska. *Id.*

On plaintiff's side of the ledger are primarily the medical doctors described in his response and discussed above. But as the Court has noted, only Dr. Kleiner, who operated on plaintiff and may give opinions as to his diagnosis, treatment and prognosis, is specifically stated to be an expected expert witness. As a retained expert, the Court would expect that he could be made available for a trial in Nebraska. The Court also finds that Dr. Burns appears to have provided substantive treatment that may justify her testimony at trial. However, the other doctors and physical therapists identified by plaintiff appear, at most, to have only a marginal role in the case. Some of these doctors saw plaintiff only once for a consult, and others appear cumulative. Thus, in the Court's judgment, plaintiff's necessary medical witnesses consist of two individuals in Denver, at least one of who will apparently be retained to testify. This is contrasted to the defendant's five listed fact witnesses, all of whom may be relevant witnesses given plaintiff's theory of the case.

Accordingly, the Court finds that the convenience of the witnesses favors trial of this case to be held in Nebraska. Defendant has met its burden that a transfer would be appropriate "[f]or the convenience of parties and witnesses [and] in the interest of justice."

**CONCLUSION**

For the foregoing reasons, Defendant's Motion to Transfer Pursuant to 28 U.S.C. § 1404(a) (Dkt. # 6) is GRANTED. The Clerk of the Court is DIRECTED to transfer this case to the District of Nebraska.

DATED: June 27, 2007

BY THE COURT:

s/ Phillip S. Figa

_____
Phillip S. Figa
United States District Judge

*[Clerk's certification stamp:]* I, the undersigned, Clerk of the United States District Court for the District of Colorado, do certify that the foregoing is a true copy of an original document remaining on file and record in my office. WITNESS my hand and SEAL of said Court this 27 day of June, 2007. GREGORY C. LANGHAM By _____ Deputy

9