IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| THOMAS A. BELL, | ) | |
| | ) | |
| Plaintiff, | ) | 8:07CV261 |
| | ) | |
| vs. | ) | |
| | ) | |
| UNION PACIFIC RAILROAD COMPANY, | ) | PROTECTIVE ORDER |
| | ) | |
| Defendant. | ) | |

THIS MATTER came on for consideration on Defendants' Subpoena to Secure Medical Records from Madonna Rehabilitation Hospital ("Madonna"). Defendant requested Madonna to produce health care records for Plaintiff Thomas A. Bell. Madonna requested the entry of the following Protective Order before such documents are produced. Defendant served a subpoena upon Madonna through Plaintiff's counsel on December 5, 2008.

## FACTS

1. The records requested by Defendants include records relating to a neuropsychological evaluation (the "Evaluation") that was performed by Travis Groft, Ph.D., using tests that have been copyrighted by various publishers. (the "Publishers") and that were licensed to Madonna pursuant to certain License Agreements (the "License Agreements").
2. Several of the License Agreements require Madonna not to authorize or allow disclosure of the contents of a test instrument protocol, including test questions and answers, or normative data, except under limited circumstances described in the License Agreement or as otherwise contemplated in the manuals associated with the tests.

3. Several of the License Agreements state that tests, test protocols, test items, norms, score reports, and other related materials are copyrighted by the Publishers and may not be copied by any means, whether the materials are furnished for a fee or free for use, without permission in writing from the Publisher.

4. Several of the License Agreements require Madonna to seek a protective order safeguarding the confidentiality of test materials classified by the Publishers as C-level assessments if Madonna is required to produce such materials in court or administrative proceedings.

5. Section 17 of the License Agreement published by Harcourt, titled "Maintenance of Test Security and Test use," imposes the following relevant limitations on Madonna's ability to release test materials and test results:
> Each person or institution purchasing a test must agree to comply with these basic principles of minimum test security:
>
> *****
>
> 3. Access to test materials must be limited to qualified persons with a responsible, professional interest who agree to safeguard their use.
> 4. Test materials and scores may be released only to persons qualified to interpret and use them properly.
> 6. No reproduction of test materials is allowed in any form or by any means, electronic or mechanical.

6. Under Harcourt's "Qualification Requirements for Purchase," the disclosure of test materials that Harcourt classifies as "Qualification C" requires either (a) licensure or certification to practice in the purchaser's state in a field related to the purchase; or (b) verification of either a Ph.D. level degree in Psychology or Education or the equivalent in a related field with relevant training in assessment.

7. The test materials for Thomas A. Bell are classified by Harcourt as either qualification B or Qualification C products.

## PROTECTIVE ORDER

8. The Court hereby enters a Protective Order with the following terms:

9. <u>Production of Records by Madonna.</u>  Madonna will produce additional copies of health care records related to the neuropsychological evaluation of Thomas A. Bell that was performed by Travis Groft Ph.D. at Madonna Hospital on October 28, 2008 ("the Evaluation").  This Protective Order governs all such records that have been and will be produced by Madonna in this case.

10. <u>Confidential Information.</u>  All documents and every portion thereof produced by Madonna that relate to the Evaluation shall constitute CONFIDENTIAL information for the purposes of this Order shall be used by the receiving party only

for the preparation for and conduct of proceedings herein and not for any business or other purpose whatsoever.

11. Qualified Recipients.  For the purposes of this Order, and subject to the provisions of this paragraph 9, persons authorized to receive "CONFIDENTIAL" information (hereinafter "qualified recipient") shall include **only:**

   a) Legal counsel representing the Defendant and legal counsel representing the Plaintiff, and members of the paralegal, secretarial, or clerical staff who are employed by, retained by, or assisting such counsel;
   b) Court reporters who take and transcribe testimony, as well as necessary secretarial and clerical assistants;
   c) Consulting or testifying expert witnesses who have either (i) licensure or certification to practice in Nebraska in a field related to neuropsychology or (ii) received Ph.D. level degree in Psychology or Education or closely related field with formal training in the ethical administration, scoring and interpretation of clinical assessments related to the intended use of the CONFIDENTIAL information.
   d) Any mediator retained by the parties in an effort to mediate and/or settle the claims in this action.

5. Maintenance of Confidentiality.  CONFIDENTIAL information shall be held in confidence by each qualified recipient to whom it is disclosed; shall be used only for purposes of this action and shall not be disclosed to any person who is not a qualified recipient.  Each party, each qualified recipient, and all counsel representing any party, shall use their best efforts to maintain all produced CONFIDENTIAL information in such a manner as to prevent access, even at hearing or trial, by individuals who are not qualified recipients.

6.  Copies.  CONFIDENTIAL information shall not be copied or otherwise reproduced by the receiving party, except for transmission to qualified recipients, without the written permission of the producing party, or, in the alternative, by further Order of the Court.  However, nothing herein shall restrict a qualified recipient from making working copies, abstracts, digests, and analyses of CONFIDENTIAL information under the terms of this Order.

7. Filing Under Seal.  All documents of any nature (including any of the foregoing documents as well as any other documents, including, but not limited to, briefs, motions, memoranda, transcripts, and the like) that are filed with the Court for any purpose and that contain CONFIDENTIAL information shall be filed in sealed envelopes or other sealed containers marked with the title of the action and generally identifying each document and thing therein, and bearing a statement substantially in the following form:

<u>CONFIDENTIAL</u>

<u>DO</u> <u>NOT</u> <u>OPEN</u> <u>WITHOUT</u> <u>ORDER</u> <u>OF</u> <u>THE</u> <u>COURT</u>

For the convenience of the parties and the Court, any filing containing both CONFIDENTIAL information and non-confidential material may be filed entirely under seal.

8. <u>Depositions.</u>  The following procedures shall be followed at all depositions to protect the integrity of all CONFIDENTIAL information:
   a. Only qualified recipients may be present at a deposition in which CONFIDENTIAL information is disclosed or discussed.
   b. All testimony elicited during a deposition at which CONFIDENTIAL information is disclosed or discussed is deemed to be CONFIDENTIAL information.

9. <u>Trial.</u>  Prior to the trial of this action, the attorneys for the parties shall meet and attempt to agree on an appropriate form of order to submit to the Court regarding the confidential status, if any, to be afforded documents, testimony or other information disclosed during the course of the trial.

10. <u>Return</u> <u>or</u> <u>Destruction</u> <u>of</u> <u>Documents.</u>  Upon final termination of this proceeding, including all appeals, each party shall at its option destroy or return to the producing party all original materials produced and designated as CONFIDENTIAL information, and shall destroy, in whatever form stored or reproduced, all other materials including, but not limited to, pleadings, correspondence, memoranda, notes and other work product materials that contain or refer to CONFIDENTIAL information.  This Protective Order shall survive the final termination of this action, and shall be binding on the parties and their legal counsel at all times in the future.

11. <u>Modification.</u>  This Order is entered without prejudice to the right of any party to apply to the Court for additional protection, or to relax or rescind any restrictions imposed by this Order when convenience or necessity requires.

12. <u>Additional</u> <u>Parties</u> <u>to</u> <u>Litigation.</u>  In the event additional parties join or are joined in this action, they shall not have access to CONFIDENTIAL information until the newly joined party, by its counsel, has executed and, at the request of any party, filed with the Court, its agreement to be fully bound by this Stipulated Order.

IT IS SO ORDERED this 26th day of January, 2009.

BY THE COURT:

/s/ Lyle E. Strom

_____
Honorable Lyle E. Strom
United States District Court